UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60670-ARTAU/AUGUSTIN-BIRCH

**INDIAN RIVER MERCHANT SERVICES, LLC,**

 **Plaintiff,**

v.

**RYAN NOLTE,** *et al.*,

 **Defendants.**
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

 The Honorable Ed Artau, United States District Judge, referred discovery matters in this case to the undersigned United States Magistrate Judge. DE 141 at 3. The case now comes before the Court on Plaintiff Indian River Merchant Services, LLC's Motion to Compel. DE 158. Therein, Plaintiff asks for an order compelling Defendants Shlomo Zenou, i-POS Systems, LLC, and Denovo Systems, LLC (collectively, "IPOS Defendants") to respond to requests for production that Plaintiff served on December 8, 2025. *See* DE 158-1 (requests for production). Plaintiff also seeks a ruling that IPOS Defendants waived any objections other than privilege objections by failing to respond to the requests for production within 30 days and seeks an award of attorneys' fees and costs.

 IPOS Defendants make several arguments why they should not be compelled to respond to the requests for production. Those arguments include that they never participated in a Rule 26(f) conference that initiated discovery, that they should not need to participate in discovery until the pleadings have closed, and that any pending discovery requests were mooted when Judge Artau dismissed the Second Amended Complaint. DE 159; DE 160

To the extent that IPOS Defendants have not participated in a Rule 26(f) conference, their participation is long past due. They were required to participate in a Rule 26(f) conference at least 21 days before a scheduling order was due. Fed. R. Civ. P. 26(f)(1). And a scheduling order was due by the earlier of 90 days after any defendant was served or 60 days after any defendant appeared. Fed. R. Civ. P. 16(b)(2). As defendants began to be served in April 2025 and began to appear in May 2025, the deadline to hold a Rule 26(f) conference passed months ago. The time for IPOS Defendants to participate in a Rule 26(f) conference has expired, and they cannot delay discovery on the basis that they never participated in one.

Plaintiff initiated this lawsuit more than ten months ago. Discovery must get underway. Discovery is not stayed until the pleadings close. Even if IPOS Defendants moved to stay discovery, discovery would not be stayed unless and until the motion was granted. *See, e.g.*, *Mad Room, LLC v. City of Mia.*, No 21-23485-CV, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) ("This Court agrees that the City's Motion to Stay Discovery did not toll the discovery deadlines. Defendant was required to respond to Plaintiffs' discovery requests in a timely fashion."). To be clear, discovery is not stayed—and the parties should not behave as though discovery is stayed—unless an order is issued staying discovery. Judge Artau set a December 29, 2026 discovery deadline, and discovery must proceed so that the parties meet that deadline. Plaintiff recently filed a Third Amended Complaint, DE 154, and that Complaint sets forth the current claims on which Plaintiff may seek discovery.

Plaintiff's Motion to Compel [DE 158] is **GRANTED IN PART AND DENIED IN PART**. IPOS Defendants must serve responses to Plaintiff's requests for production **within 14 days of the date of this Order**. Plaintiff's request that objections be deemed waived is denied. IPOS Defendants may raise objections in their responses, but the objections must comply with the

Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and the Order Setting Discovery Procedures [DE 142]. Objections that do not comply with a Rule or Order may be summarily overruled. The Court notes in particular that privilege objections must be supported with a privilege log and that general objections, boilerplate objections, and formulaic objections followed by an answer are prohibited. Plaintiff's request for an award of fees and costs is denied. Future noncompliance with discovery obligations will be a basis for an award of fees and costs. Having resolved the Motion to Compel, the discovery hearing set for February 27, 2026, at 11:00 a.m. [DE 157] is **cancelled**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 25th day of February, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE